```
                FILED
         U.S. DISTRICT COURT
         DISTRICT OF MARYLAND
         
         2001 DEC 17  P 4:31
         
         CLERK'S OFFICE
         AT BALTIMORE
         
         BY_____DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM A. TACCINO | * |
| Plaintiff | * |
| vs. | * CIVIL ACTION NO. MJG-01-341 |
| UNITED STATES OF AMERICA, U.S.P.S. | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiff's Motion for Continuance and the materials submitted relating thereto.

On May 15,[1] Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction was filed. Plaintiff's response was due June 1. On the due date of the response, June 1, Plaintiff filed a request for extension of time to respond which was granted. The due date for a response was extended. On July 9, Plaintiff again requested an extension of time to file a response to the said motion. The second request for extension was granted; the due date was extended to September 11. On September 11, the due date of the response, Plaintiff yet again requested an extension. This third request for extension was granted; the due date for the response was extended to December 11. On

---

[1] All dates referred to herein are in the year 2001.



December 11, the extended due date for the response, Plaintiff once again filed a fourth request for extension.

The Court denies Plaintiff's fourth request for extension. Plaintiff has had more than ample time to address the issues raised in the dismissal motion. Plaintiff has shown no way in which any developments at the trial of the case against him relating to the September 21, 1999 incident could have any affect upon the jurisdictional issues raised by the Defendant.

The Court will resolve the pending motion on the current record. However, the Court will consider a motion to reconsider filed by the Plaintiff by January 31, 2002 which presents adequate responses to the Defendant's arguments.

The motion appears well founded. It appears that the Government has not waived immunity to suit on the defamation claim. 28 U.S.C. § 2680(h). It appears, further, that the Federal Employee Compensation Act bars tort claims for injury or illness associated with the performance of duties in the course of federal employment. 5 U.S.C. § 8101 et seq. Furthermore, the Postal Reorganization Act, 39 U.S.C. § 1001-1011, 1201-1209, incorporating 5 U.S.C. § 7501 et seq. precludes Plaintiff's tort claims against the Government.

For the foregoing reasons:

1.  Plaintiff's Motion for Continuance is DENIED.

2.  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.

3.  Judgment shall be entered by separate Order.

4.  The Court will consider a motion for reconsideration filed by January 31, 2002 which <u>adequately</u> addresses the issues presented by Defendant's motion.

SO ORDERED this 17th day of December, 2001.

_____
Marvin J. Garbis
United States District Judge